

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-4-2006

# Kerins v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2272

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Kerins v. Comm Social Security" (2006). *2006 Decisions*. Paper 1322.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1322

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEAL
FOR THE THIRD CIRCUIT

No. 05-2272

ANDREW KERINS,

Appellant

v.

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION

On Appeal from the United States District Court
for the District of New Jersey
District Court No. 03-cv-02931
District Judge:  Honorable Faith S. Hochberg

Submitted under Third Circuit LAR 34.1(a)
January 12, 2006

Before:  ROTH, FUENTES and ROSENN*, Circuit Judges

(Filed: April 4, 2006)

OPINION

*This case was submitted to the panel of Judges Roth, Fuentes and Rosenn.  Judge Rosenn died after submissions, but before the filing of the opinion.  The decision is filed by a quorum of the panel.  28 U.S.C. §46(d).

**ROTH**, Circuit Judge:

Andrew Kerins appeals the District Court's final order affirming the decision of the Commissioner of Social Security to deny his claim for Social Security Disability Insurance Benefits (SSDIB). The Commissioner determined that Kerins had not established the existence of an impairment of the requisite severity and duration prior to the expiration of his insured status. Because we conclude that substantial evidence supports this determination, we will affirm the judgment of the District Court.

**I. Facts**

Because the parties are familiar with the facts and procedural posture, we will provide only a brief synopsis of the events leading up to the appeal.

On April 23, 1999, Kerins applied for SSDIB alleging disability due to work-related trauma since April 11, 1972. Kerins last met the Social Security Act's special earnings requirements, and was therefore last eligible for insurance, on June 30, 1972. To be eligible for benefits now, he must establish that he was disabled before that date.

This application was denied on May 7, 1999, and denied on reconsideration, on August 23, 1999. Kerins filed a petition for de novo review before an Administrative Law Judge (ALJ). On July 28, 2000, a decision was issued by ALJ Farley, finding that Kerins was ineligible for benefits because he was not disabled before his insured status expired on June 30, 1972. On appeal, the Appeals Council remanded. On August 27,

2002, the same ALJ issued another decision finding that Kerins was not entitled to benefits. Upon appeal, the Appeals Council again remanded. On the second remand, a different ALJ, Judge Noorigian issued a decision on January 8, 2003, finding that Kerins was not disabled. The Appeals Council denied Kerins' request to review ALJ Noorigian's decision. Kerins then commenced a civil action in District Court seeking review of the Commissioner's final decision. The District Court affirmed, concluding that substantial evidence supported the Commissioner's decision that Kerins was not disabled within the meaning of the Act. A Notice of Appeal was timely filed on April 22, 2005.

Kerins was a police officer for the city of Newark, New Jersey, from 1967 to 1972 and, for short periods of time in 1973 and 1974. On July 24, 1972, Kerins was given a psychiatric evaluation by Dr. Kuvin, a psychiatrist. Dr. Kuvin noted that Kerins had a "thinking disorder" and that his reality testing function, insight and judgment were impaired. Dr. Kuvin diagnosed Kerins' condition as paranoid schizophrenia. He noted that although there was a poor prognosis for a cure, with appropriate treatment, a good remission would be anticipated. When Dr. Kuvin next examined Kerins, on August 21, 1972, he reported that Kerins manifested no psychosis and appeared to have reality-oriented thinking. Dr. Kuvin thus changed his diagnosis to "schizophrenia, residual type," a category of schizophrenia for individuals showing signs of schizophrenia, but who, following a psychotic schizophrenia episode, are no longer psychotic. Dr. Kuvin recommended that it would be in Kerins' best interest to pursue a less stressful work area

3

than law enforcement.

On March 16, 1973, Dr. O'Connor, a police and fire department surgeon, examined Kerins and found Kerins unable to do responsible employment or carry a gun and in need of psychiatric care, with no possibility of improving to do regular work.

On April 23, 1973, Dr. Howard examined Kerins. Dr. Howard evaluated Kerins and reported no finding of psychosis. He noted that Kerins' judgment was "somewhat impaired," and that Kerins perhaps exhibited mild paranoid ideational content and was somewhat depressed. Dr. Howard recommended that Kerins' application for ordinary disability retirement be granted because his illness prevented him from performing his routine duties and responsibilities of a police officer.

Nonetheless, in 1973 and 1974, Kerins briefly returned to work as a police officer for the city of Newark. From 1997 to 1999, Kerins was treated for a variety of complaints. In 1999, after Kerins filed for SSDIB, Dr. Snyder, a state agency medical consultant, reviewed the medical evidence in the record. Dr. Snyder stated that the medical evidence relevant to Kerins' psychiatric impairment and its severity at the time of his alleged onset date is not sufficient to make a retrospective determination and noted that there was no current medical evidence of record with regard to the possible presence of mental impairment. Snyder's determination that evidence which Kerins presented was not sufficient to find him disabled prior to June 30, 1972, was affirmed by Dr. Ernest Kopstein and Dr. Samuel Blumenfeld, who are also state agency medical consultants.

**II. Jurisdiction and Standard of Review**

4

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the order of the district court and must review whether the Commissioner's determination is supported by substantial evidence. 42 U.S.C. § 405(g); *Newell v. Commissioner of Soc. Sec.*, 347 F.3d 541, 545 (3d Cir. 2003) (citations omitted). Substantial evidence is "more than a mere scintilla of evidence but may be less than a preponderance," and is evidence which "a reasonable mind might accept as adequate to support a conclusion." *Id.* Where evidence in the record is susceptible to more than one rational interpretation, the Court must endorse the Commissioner's conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted).

**III. Discussion**

To establish a claim for disability, an individual must show an "inability to engage in any substantial gainful activity by reason of any medically determinable . . . mental impairment which has lasted or . . . can be expected to last for a continuous period not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). Such disability will be found "only if his . . . mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . .." 42 U.S.C. § 423(d)(2)(A). A disabling impairment is an impairment resulting from "psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

5

The Commissioner uses a five-step analysis to determine whether an individual is disabled. First, the Commissioner determines if an individual is doing substantial gainful activity; if so, the individual is not disabled for SSDIB purposes, regardless of their medical condition. 20 C.F.R. §§ 404.1520(a)(4)(i) and 404.1520(a)(5)(b). Second, if the individual is not engaged in substantial gainful activity, the Commissioner must determine whether the individual has had a "severe medically determinable . . . mental impairment [that has lasted or can be expected to last for 12 months];" if not, the claim will be denied 20 C.F.R. §§ 404.1520(a)(4)(ii) and 404.1509. Because the Commissioner found that Kerins did not have a severe medically determinable mental impairment at step two, and the analysis stopped there, we need not summarize the remaining three steps. The claimant bears the burden of production and persuasion in these first two steps. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

In reaching the determination that Kerins was not entitled to disability benefits, ALJ Noorigian concluded that even if Kerins suffered from schizophrenia, Kerins did not suffer from a severe impairment at any time through June 30, 1972. Therefore, Kerins' claim was denied under step two of the analysis. "An impairment is not severe if it does not significantly limit [the claimant's] physical ability to do basic work activities," which are "abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(a) and (b). An applicant need only demonstrate something beyond a "slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work." *Newell*, 347 F.3d at 546 (citations omitted). If a judge

6

can clearly determine the effect of an impairment on the individual's ability to do basic work activities, the analysis should end with the severe impairment step. *See Newell*, 347, F.3d at 547 n.5 (citations omitted). "[T]he step-two inquiry is a *de minimis* screening device to dispose of groundless claims." *Id*. at 546.

ALJ Noorigian supported his finding that Kerins' impairment was not severe with Kerins' testimony that during the spring of 1972, he took 15 college credits and had a 2.9 grade point average, was able to concentrate for 5 minutes at a time, drive a car for 15 minutes, did not have problems with his daily living, and got along with everybody. ALJ Noorigian found that these factors contradicted any limitation. ALJ Noorigian also noted the Kerins worked for the police department "periodically" during 1973, and carried his service pistol during these times, which ALJ Noorigian found to be inconsistent with a person suffering from disabling schizophrenia. Kerins, however, argues that there was not substantial evidence to show that his impairment was not severe, and to the contrary, undisputed medical evidence was presented to show that his impairment was severe.

Reviewing the medical evidence presented, there is substantial evidence from doctors' reports to support the conclusion that Kerins' impairment was not severe. First, it must be noted that upon review of the previous medical reports, Dr. Snyder found the medical evidence relevant to the severity of Kerins' impairment to be insufficient to make a retrospective determination. Also, Dr. Kuvins ultimately found that, while Kerins suffered from schizophrenia, he was not psychotic. Further, while Dr. Kuvins recommended that Kerins pursue a less stressful line of work than that of a police officer,

7

he did not indicate that Kerins was unable to work at other types of jobs.  Thus, substantial evidence supported the Commissioner's final determination.


**IV. Conclusion**

For the foregoing reasons we will affirm the judgment of the District Court, affirming the decision of the Commissioner of Social Security.